Clare M. Sproule, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4500
Attorneys for Defendants
Inner City Broadcast Corporation and
ICBC Broadcast Holdings, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICOLE SPENCE,

Plaintiff,

– against –

INNER CITY BROADCAST CORPORATION, ICBC
BROADCAST HOLDINGS, INC., WENDY WILLIAMS-
HUNTER, also known as "WENDY WILLIAMS," in her
official and individual capacities, and KEVIN HUNTER,
in his official and individual capacities,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF FILING

Case No.:  08 CIV 5360(WHP)(KNF)

**ANSWER**

      Defendants Inner City Broadcast Corporation and ICBC Broadcast Holdings, Inc.

("Defendants") by their attorneys Epstein Becker & Green, P.C., hereby answer the complaint

("complaint") of Plaintiff Nicole Spence ("Plaintiff").

      1.     The allegations in paragraph 1 of the complaint are legal conclusions to

which a responsive pleading is not required.  To the extent a responsive pleading is required,

Defendants deny the allegations contained in paragraph 1 of the complaint and further deny that

Plaintiff is entitled to any of the relief referred to therein.

      2.     Defendants deny the allegations contained in paragraph 2 of the complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the alleged statement by Williams to the New York Post and the alleged consequences to Plaintiff.

5.      Defendants deny the allegations contained in paragraph 5 of the complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the complaint except deny that any unlawful events or omissions or employment practices occurred.

9.      Defendants deny the allegations contained in paragraph 9 of the complaint.

10.      Defendants deny the allegations contained in paragraph 10 of the complaint except admit that Inner City Broadcasting Corporation has its principal place of business at 3 Park Avenue, N.Y. N.Y.

11.      Defendants deny the allegations contained in paragraph 11 of the complaint except admit that ICBC Broadcast Holdings Inc. has its principal place of business at 3 Park Avenue, N.Y. N.Y.

12.      Defendants deny the allegations contained in paragraph 12 of the complaint except admit that ICBC Broadcast Holdings, Inc. meets the definition of "employer"

under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights Law.

13.    Defendants deny the allegations contained in paragraph 13 of the complaint.

14.    Defendants deny the allegations contained in paragraph 14 of the complaint.

15.    Defendants deny the allegations contained in paragraph 15 of the complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the complaint except admit that Wendy Williams is an employee of the ICBC Broadcast Holdings, Inc. and deny knowledge or information sufficient to form a belief as to the truth of those allegations pertaining to her residence

17.    Defendants deny the allegations contained in paragraph 17 of the complaint.

18.    Defendants deny the allegations contained in paragraph 18 of the complaint except admit upon information and belief that Kelvin Hunter is Williams' husband and deny knowledge or information sufficient to form a belief as to the truth of those allegations pertaining to Kelvin Hunter's residence.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint except admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission.

20.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21.     Defendants deny information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.     Defendants admit the allegations contained in paragraph 22 of the complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the complaint except admit that the Wendy Williams Experience is one of ICBC Broadcast Holdings Inc.'s most popular shows, is broadcast weekdays from 2:00 to 7:00 pm, is syndicated in Los Angeles and Columbia and is frequently rated by Arbitron as having one of the largest audiences in its time slot.

24.     Defendants deny the allegations contained in paragraph 24 of the complaint.

25.     Defendants admit the allegations in paragraph 25 of the complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the complaint except admit that Williams at times interviews others.

27.    Defendants deny the allegations contained in paragraph 27 of the complaint.

28.    Defendants deny the allegations contained in paragraph 28 of the complaint.

29.    Defendants deny the allegations contained in paragraph 29 of the complaint.

30.    Defendants deny the allegations contained in paragraph 30 of the complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the complaint except admit Plaintiff often worked in a room referred to by some as the "Pink Room."

32.    Defendants deny the allegations contained in paragraph 32 of the complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the complaint.

34.    Defendants deny the allegations contained in paragraph 34 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Williams ever told her radio audience that "Nicole is the best booker in the business, bar none."

35.     Defendants deny the allegations contained in paragraph 35 of the complaint.

36.     Defendants admit the allegations contained in paragraph 36 of the complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 47 of the complaint that Defendant Hunter called the office or studio almost daily to speak with Defendant Williams, often yelling and demanding that the person who answered the call "put her motherfucking ass on the phone."

48.     Defendants deny the allegations contained in paragraph 48 of the complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the complaint, except deny that Defendant Hunter had no right to be on Company premises.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the complaint.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the complaint.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint, except deny that Defendant Williams lacked respect for proper workplace conduct or engaged in *quid pro quo* sexual harassment with a male subordinate.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the complaint, except deny that Plaintiff complained repeatedly about sexual harassment at the Company.

68.     Defendants deny the allegations contained in paragraph 68 of the complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the complaint except admit that Plaintiff made a complaint to Cynthia Smith, who reported her complaint to Deon Levingston, WBLS' s General Manager.

71.     Defendants deny the allegations contained in paragraph 71 of the complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the complaint except admit that plaintiff complained in writing about Kelvin Hunter and refer to that document for the contents thereof.

73.     Defendants deny the allegations contained in paragraph 73 of the complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the complaint except admit that Wendy Williams made comments similar to those set forth in quotation marks in that paragraph.

81.    Defendants deny the allegations contained in paragraph 81 of the complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the complaint.

83.    Defendants deny the allegations contained in paragraph 83 of the complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the complaint.

85.    Defendants deny the allegations contained in paragraph 85 of the complaint.

86.    Defendants deny the allegations contained in paragraph 86 of the complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the complaint.

90.    Defendants deny the allegations contained in paragraph 90 of the complaint.

91.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the complaint.

92.    Defendants deny the allegations contained in paragraph 92 of the complaint.

93.    Defendants deny the allegations contained in paragraph 93 of the complaint.

94.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the complaint.

95.    Defendants deny the allegations contained in paragraph 95 of the complaint.

96.    Defendants deny the allegations contained in paragraph 96 of the complaint.

97.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the complaint.

98.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the complaint.

99.    Defendants deny the allegations contained in paragraph 99 of the complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the complaint.

102.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-101 of this Answer, as if fully set forth at length herein.

103.    Defendants deny the allegations contained in paragraph 103 of the complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the complaint.

108.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-107 of this Answer, as if fully set forth at length herein.

109.    Defendants deny the allegations contained in paragraph 109 of the complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the complaint.

113.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-112 of this Answer, as if fully set forth at length herein.

114.    Defendants deny the allegations contained in paragraph 114 of the complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the complaint.

118.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-117 of this Answer, as if fully set forth at length herein.

119.    Defendants deny the allegations contained in paragraph 119 of the complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the complaint.

122.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-121 of this Answer, as if fully set forth at length herein.

123.    Defendants deny the allegations contained in paragraph 123 of the complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the complaint.

126.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-125 of this Answer, as if fully set forth at length herein.

127.    Defendants deny the allegations contained in paragraph 127 of the complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the complaint.

132.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-131 of this Answer, as if fully set forth at length herein.

133.    Defendants deny the allegations contained in paragraph 133 of the complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the complaint.

137.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-136 of this Answer, as if fully set forth at length herein.

138.    Defendants deny the allegations contained in paragraph 138 of the complaint.

139.     Defendants deny the allegations contained in paragraph 139 of the complaint.

140.     Defendants deny the allegations contained in paragraph 140 of the complaint.

141.     Defendants deny the allegations contained in paragraph 141 of the complaint.

142.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-142 of this Answer, as if fully set forth at length herein.

143.     Defendants deny the allegations contained in paragraph 143 of the complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the complaint.

145.     Defendants deny the allegations contained in paragraph 145 of the complaint.

146.     Defendants deny the allegations contained in paragraph 146 of the complaint.

147.     Defendants deny the allegations contained in paragraph 147 of the complaint.

148.     Defendants deny the allegations contained in paragraph 148 of the complaint.

149. Defendants deny the allegations contained in paragraph 149 of the complaint.

150. Defendants deny the allegations contained in paragraph 150 of the complaint.

151. Paragraph 151 of the complaint is a legal conclusion to which no responsive pleading is required.   To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 151 of the complaint.

152. Defendants deny the allegations contained in paragraph 152 of the complaint.

153. Defendants deny the allegations contained in paragraph 153 of the complaint.

154. Defendants deny the allegations contained in paragraph 154 of the complaint.

155. Defendants deny the allegations contained in paragraph 155 of the complaint.

156. Defendants deny the allegations contained in paragraph 156 of the complaint.

157. Defendants deny the allegations contained in paragraph 157 of the complaint.

158.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-157 of this Answer, as if fully set forth at length herein.

159.    Defendants deny the allegations contained in paragraph 159 of the complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the complaint.

164.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1-163 of this Answer, as if fully set forth at length herein.

165.    Paragraph 165 of the complaint is a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 165 of the complaint.

166.    Defendants deny the allegations contained in paragraph 166 of the complaint.

167.    Defendants deny the allegations contained in paragraph 167 of the complaint.

168.    Defendants deny the allegations contained in paragraph 168 of the complaint.

## FIRST DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

At all or some of the times referred to in the complaint, Defendant Wendy Williams was not acting within the scope of her employment.

## THIRD DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her damages.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claim of intentional infliction of emotional distress is subsumed and/or barred by Plaintiff's claims of employment discrimination.

## SIXTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior.  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

## SEVENTH DEFENSE

This court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

## EIGHTH DEFENSE

To the extent Plaintiff failed to comply with any administrative, statutory or procedural requirements, some or all of her claims are barred.

**WHEREFORE**, Defendants Inner City Broadcast Corporation and ICBC Broadcast Holdings, Inc. respectfully request that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 21, 2008

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _Clare M. Sproule_
      Clare M. Sproule
250 Park Avenue
New York, New York  10177-1211
(212) 351-4842
Attorneys for Defendants Inner City Broadcast
Corporation and ICBC Broadcast Holdings, Inc.
(csproule@ebglaw.com)