DAVIS & GILBERT LLP
Guy R. Cohen (gcohen@dglaw.com)
Marc J. Rachman (mrachman@dglaw.com)
Laurie E. Morrison (lmorrison@dglaw.com)
1740 Broadway
New York, New York 10019
(212) 468-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE SPENCE,<br><br>         Plaintiff,<br><br> -against-<br><br>INNER CITY BROADCAST CORPORATION,<br>ICBC BROADCAST HOLDINGS, INC.,<br>WENDY WILLIAMS-HUNTER, also known as<br>"WENDY WILLIAMS," in her<br>official and individual capacities, and<br>KEVIN HUNTER, in his official and individual<br>Capacities,<br><br>         Defendants. | 08 Civ 5360 (WHP) (KNF)<br><br>**ANSWER** |

   Defendant Wendy Williams-Hunter, p/k/a Wendy Williams, by her attorneys, Davis & Gilbert LLP, answers the Complaint as follows:

   1.  Denies the allegations set forth in paragraph 1, except admits that plaintiff purports to proceed as stated therein.

   2.  Denies the allegations set forth in paragraph 2.

   3.  Denies the allegations set forth in paragraph 3.

4. Denies the allegations set forth in paragraph 4, except admits that the New York Post ran an article that contained certain of plaintiff's erroneous allegations and the referenced quote attributed to Ms. Williams.

5. Denies the allegations set forth in paragraph 5.

6. Denies the allegations set forth in paragraph 6.

7. Admits the allegations set forth in paragraph 7, except denies that plaintiff was deprived of any rights under Title VII.

8. Admits the allegations set forth in paragraph 8, except denies that any unlawful events, admissions or employment practices occurred.

9. Denies the allegations set forth in paragraph 9, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, except admits, upon information and belief, that defendant Inner City Broadcast Corporation is a radio broadcasting company with a principal place of business located at 3 Park Avenue, New York, New York.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, except admits, upon information and belief, that defendant ICBC Broadcast Holdings Inc. ("ICBC") has its principal place of business located at 3 Park Avenue, New York, New York.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16, except admits that Ms. Williams is in employee of ICBC and that she currently resides in Cedar Grove, New Jersey.

17. Denies the allegations set forth in paragraph 17.

18. Denies the allegations set forth in paragraph 18, except admits that Mr. Hunter is Ms. Williams' husband and manager, and that he also resides in Cedar Grove, New Jersey.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, except admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, except admits that WBLS is an urban contemporary FM radio station located in New York City, operating on 107.5 mhz, and with offices and a broadcast studio located at 3 Park Avenue in Midtown Manhattan.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, except admits that "The Wendy Williams Experience" is a popular radio program, that it is broadcast on WBLS weekdays from 2:00 p.m. to 7:00 p.m., that it is syndicated in Los Angeles and Columbia, South Carolina, and that it is frequently rated by Arbitron as having one of the largest audiences in its time slots.

24. Admits the allegations set forth in paragraph 24.

25. Admits the allegations set forth in paragraph 25.

26. Denies the allegations set forth in paragraph 26, except admits that Ms. Williams at times interviews guests and provides advice.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Denies the allegations set forth in paragraph 28.

29. Denies the allegations set forth in paragraph 29, except admits that plaintiff books certain guests for "The Wendy Williams Experience" and sometimes interacts with guests and their representatives.

30. Denies the allegations set forth in paragraph 30, except admits that plaintiff sometimes discussed guests and potential guests with Ms. Williams.

31. Denies the allegations set forth in paragraph 31, except admits that plaintiff's desk was located inside a room often referred to as the "Pink Room."

32. Denies the allegations set forth in paragraph 32.

33. Denies the allegations set forth in paragraph 33.

34. Denies the allegations set forth in paragraph 34, except denies knowledge or information sufficient to form a belief as to the accuracy of the referenced quote, and admits that Ms. Williams has praised plaintiff.

35. Denies the allegations set forth in paragraph 35.

36. Admits the allegations set forth in paragraph 36.

37. Denies the allegations set forth in paragraph 37, except admits that Ms. Williams often compliments and praises Mr. Hunter, and has also used the quoted terms in reference to him.

38. Denies the allegations set forth in paragraph 38, except admits that Mr. Hunter periodically had access to the office and studio of "The Wendy Williams Experience."

39. Denies the allegations set forth in paragraph 39.

40. Denies the allegations set forth in paragraph 40.

41. Denies the allegations set forth in paragraph 41.

42. Denies the allegations set forth in paragraph 42.

43. Denies the allegations set forth in paragraph 43.

44. Denies the allegations set forth in paragraph 44.

45. Denies the allegations set forth in paragraph 45.

46. Denies the allegations set forth in paragraph 46, except admits that Mr. Hunter discussed a potential television sequence involving women wearing bikinis.

47. Denies the allegations set forth in paragraph 47, except admits that Mr. Hunter sometimes calls the office or studio to speak with Ms. Williams.

48. Denies the allegations set forth in paragraph 48.

49. Denies the allegations set forth in paragraph 49.

50. Denies the allegations set forth in paragraph 50.

51. Denies the allegations set forth in paragraph 51.

52. Denies the allegations set forth in paragraph 52.

53. Denies the allegations set forth in paragraph 53, except denies knowledge or information concerning the content of plaintiff's complaints to management.

54. Denies the allegations set forth in paragraph 54.

55. Denies the allegations set forth in paragraph 55.

56. Denies the allegations set forth in paragraph 56.

57. Denies the allegations set forth in paragraph 57.

58. Denies the allegations set forth in paragraph 58 with respect to Mr. Hunter, except denies knowledge or information sufficient to form a belief as to the content of conversations between plaintiff and a human resources representative.

59. Denies the allegations set forth in paragraph 59.

60. Denies the allegations set forth in paragraph 60.

61. Denies the allegations set forth in paragraph 61.

62. Denies the allegations set forth in paragraph 62.

63. Denies the allegations set forth in paragraph 63.

64. Denies the allegations set forth in paragraph 64.

65. Denies the allegations set forth in paragraph 65.

66. Denies the allegations set forth in paragraph 66.

67. Denies the allegations set forth in paragraph 67.

68. Denies the allegations set forth in paragraph 68, except denies knowledge or information sufficient to form a belief concerning the content of complaints that management may have received.

69. Denies the allegations set forth in paragraph 69, except denies knowledge or information sufficient to form a belief concerning the content of the referenced conversation between plaintiff and Vinny Brown.

70. Denies the allegations set forth in paragraph 70, except denies knowledge or information sufficient to form a belief concerning the content of the referenced conversation between plaintiff and Cynthia Smith.

71. Denies the allegations set forth in paragraph 71, except denies knowledge or information sufficient to form a belief concerning the content of the referenced conversation between plaintiff and Deon Levingston.

72. Denies the allegations set forth in paragraph 72, except denies knowledge or information sufficient to form a belief concerning the content of plaintiff's written complaint to Human Resources.

73. Denies the allegations set forth in paragraph 73.

74. Denies the allegations set forth in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75, except admits that management re-located plaintiff so that she no longer works in the "Pink Room."

76. Denies the allegations set forth in paragraph 76.

77. Denies the allegations set forth in paragraph 77.

78. Denies the allegations set forth in paragraph 78.

79. Denies the allegations set forth in paragraph 79, except denies knowledge or information sufficient to form a belief concerning the content of any complaints plaintiff made to management.

80. Denies the allegations set forth in paragraph 80, except admits that Ms. Williams made statements similar to the statement contained in the referenced quote.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81.

82. Denies the allegations set forth in paragraph 82.

83. Denies the allegations set forth in paragraph 83.

84. Denies the allegations set forth in paragraph 84.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85.

86. Denies the allegations set forth in paragraph 86.

87. Denies the allegations set forth in paragraph 87, except admits "Lil' Mama" appeared on "The Wendy Williams Experience."

88. Denies the allegations set forth in paragraph 88, except admits that "The Game" appeared on "The Wendy Williams Experience."

89. Denies the allegations set forth in paragraph 89.

90. Denies the allegations set forth in paragraph 90, except admits that Hill Harper has appeared as a guest on "The Wendy Williams Experience."

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91.

92. Denies the allegations set forth in paragraph 92.

93. Denies the allegations set forth in paragraph 93.

94. Denies the allegations set forth in paragraph 94.

95. Denies the allegations set forth in paragraph 95, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the nature of plaintiff's complaints or management's investigation of such complaints.

96. Denies the allegations set forth in paragraph 96.

97. Admits the allegations set forth in paragraph 97.

98. Denies the allegations set forth in paragraph 98, except admits that the New York Post ran an article attributing the referenced quote to Ms. Williams. Denies knowledge or information sufficient to form a belief concerning the number and location of people who read the New York Post article.

99. Denies the allegations set forth in paragraph 99.

100. Denies the allegations set forth in paragraph 100.

101. Denies the allegations set forth in paragraph 101.

102. In response to paragraph 102, defendant Williams repeats and realleges each of her responses to paragraphs 1-101 above.

103. The allegations set forth in paragraph 103 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 103.

104. The allegations set forth in paragraph 104 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 104.

105. The allegations set forth in paragraph 105 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 105.

106. The allegations set forth in paragraph 106 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 106.

107. The allegations set forth in paragraph 107 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 107.

108. In response to paragraph 108, defendant Williams repeats and realleges each of her responses to paragraphs 1-107 above.

109. The allegations set forth in paragraph 109 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 109.

110. The allegations set forth in paragraph 110 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 110.

111. The allegations set forth in paragraph 111 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 111.

112. The allegations set forth in paragraph 112 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 112.

113. In response to paragraph 113, defendant Williams repeats and realleges each of her responses to paragraphs 1-112 above.

114. Denies the allegations set forth in paragraph 114.

115. Denies the allegations set forth in paragraph 115.

116. Denies the allegations set forth in paragraph 116.

117. Denies the allegations set forth in paragraph 117.

118. In response to paragraph 118, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 117 above.

119. Denies the allegations set forth in paragraph 119.

120. Denies the allegations set forth in paragraph 120.

121. Denies the allegations set forth in paragraph 121.

122. In response to paragraph 122, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 121 above.

123. Denies the allegations set forth in paragraph 123.

124. Denies the allegations set forth in paragraph 124.

125. Denies the allegations set forth in paragraph 125.

126. In response to paragraph 126, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 125 above.

127. Denies the allegations set forth in paragraph 127.

128. Denies the allegations set forth in paragraph 128.

129. Denies the allegations set forth in paragraph 129.

130. Denies the allegations set forth in paragraph 130.

131. Denies the allegations set forth in paragraph 131.

132. In response to paragraph 132, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 131 above.

133. Denies the allegations set forth in paragraph 133.

134. Denies the allegations set forth in paragraph 134.

135. Denies the allegations set forth in paragraph 135.

136. Denies the allegations set forth in paragraph 136.

137. In response to paragraph 137, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 136 above.

138. Denies the allegations set forth in paragraph 138.

139. Denies the allegations set forth in paragraph 139.

140. Denies the allegations set forth in paragraph 140.

141. Denies the allegations set forth in paragraph 141.

142. In response to paragraph 142, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 141 above.

143. Denies the allegations set forth in paragraph 143.

144. Denies the allegations set forth in paragraph 144.

145. Denies the allegations set forth in paragraph 145.

146. Denies the allegations set forth in paragraph 146.

147. Denies the allegations set forth in paragraph 147.

148. Denies the allegations set forth in paragraph 148.

149. Denies the allegations set forth in paragraph 149.

150. Denies the allegations set forth in paragraph 150.

151. Denies the allegations set forth in paragraph 151.

152. Denies the allegations set forth in paragraph 152.

153. Denies the allegations set forth in paragraph 153.

154. Denies the allegations set forth in paragraph 154.

155. Denies the allegations set forth in paragraph 155.

156. Denies the allegations set forth in paragraph 156.

157. Denies the allegations set forth in paragraph 157.

158. In response to paragraph 158, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 157 above.

159. Denies the allegations set forth in paragraph 159.

160. Denies the allegations set forth in paragraph 160.

161. Denies the allegations set forth in paragraph 161.

162. Denies the allegations set forth in paragraph 162.

163. Denies the allegations set forth in paragraph 163.

164. In response to paragraph 164, defendant Williams repeats and realleges each of her responses to paragraphs 1 through 163 above.

165. The allegations set forth in paragraph 165 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 165.

166. The allegations set forth in paragraph 166 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 166.

167. The allegations set forth in paragraph 167 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 167.

168. The allegations set forth in paragraph 168 are not directed at defendant Williams and, therefore, no response is required. To the extent that a response is required, defendant Williams denies the allegations set forth in paragraph 168.

## FIRST DEFENSE

169. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

170. Plaintiff has not suffered any legally cognizable injury or damage.

## THIRD DEFENSE

171. The Complaint fails, in whole or in part, because Ms. Williams is not an "employer" within the meaning of the applicable statutes.

## FOURTH DEFENSE

172. The Complaint fails, in whole or in part, because plaintiff has not suffered an adverse employment action.

## FIFTH DEFENSE

173. Plaintiff's harassment claim fails because plaintiff was not subjected to either an objectively or subjectively hostile work environment.

## SIXTH DEFENSE

174. Plaintiff's defamation claim fails because the alleged statement at issue constitutes an opinion, not a statement of fact.

## SEVENTH DEFENSE

175. Plaintiff has failed to allege facts sufficient to support an aiding-and-abetting cause of action against Ms. Williams.

## EIGHTH DEFENSE

176. Plaintiff's claims are barred because all employment actions regarding plaintiff, if any, were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH DEFENSE

177. Upon information and belief, plaintiff has failed to mitigate her damages.

## TENTH DEFENSE

178. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to allege facts sufficient to establish that her employer encouraged, condoned or approved of any discriminatory or retaliatory actions.

## ELEVENTH DEFENSE

179. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH DEFENSE

180. Plaintiff's claim for intentional infliction of emotional distress is subsumed and/or barred by plaintiff's claims for employment discrimination.

Dated: New York, New York
July 31, 2008

                                          **DAVIS & GILBERT LLP**

                                          By: _____
                                                  Guy R. Cohen
                                                  (gcohen@dglaw.com)
                                                  Marc J. Rachman
                                                  (mrachman@dglaw.com)
                                                  Laurie E. Morrison
                                                  (lmorrison@dglaw.com)

                                          Attorneys for Defendants Wendy Williams
                                          and Kevin Hunter
                                          1740 Broadway
                                          New York, NY  10019
                                          (212) 468-4800